16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry L. HEILIG, Defendant-Appellant.
 No. 92-5815.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1993.
Decided Feb. 3, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-92-44-3)
 Allen B. Burnside, Asst. Federal Public Defender, Columbia, SC, for appellant.
 John S. Simmons, U.S. Atty., Kelly E. Shackelford, Asst. U.S. Atty., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Harry L. Heilig appeals the sentence imposed on him after his guilty plea to conspiracy to commit wire fraud in violation of 18 U.S.C.A. Secs. 371 (West 1966), 1343 (West Supp.1993), 2 (West 1969). We affirm.
 
 
 2
 At the time of the offense, Heilig was an attorney practicing in North Carolina. A client of his, H. L. Butler, was convicted of murder in South Carolina and received a life sentence. Heilig and his wife visited Butler in jail and offered to arrange to have Butler's sentence commuted by bribing several public officials in North and South Carolina, at a total cost to Butler of $80,000, which was to include the bribes and a hefty fee to the Heiligs for their services. Despite numerous phone calls from both Mr. and Mrs. Heilig over the next nine months urging him to take advantage of their offer, Butler did not accept the offer. He did, however, relate the scheme to an acquaintance who was a disgruntled client of Heilig's, and who informed the Federal Bureau of Investigation (FBI).
 
 
 3
 As a result, FBI Agent Richard Powers approached the Heiligs representing himself as someone who had met Butler previously in Florida and was willing to advance the money needed to get him out of jail. After a series of phone calls and meetings, Powers paid Heilig $4000 in cash. Although Heilig told Powers the money was to be deposited in a client trust fund, $2000 of it was deposited in a personal account by Mrs. Heilig. In a later meeting, Heilig told the agent that the commutation could be arranged without further payments.
 
 
 4
 After his arrest and guilty plea, Heilig maintained that his base offense level under guideline section 2F1.1* should be decreased by three levels because his offense was a conspiracy in which the object offense was only partially completed. Guideline section 2X1.1(b)(2) provides for a three-level reduction when the offense is a conspiracy unless the defendant or his co-conspirators have completed all the acts believed necessary for the successful completion of the substantive offense, or the conspirators are about to complete all such acts and are prevented from doing so by apprehension or some other event beyond their control. The district court found that the fraud was completed even though Heilig did not receive the full $80,000, and made no reduction in the offense level.
 
 
 5
 Heilig contends on appeal that the fraud was incomplete because the object was to collect $80,000 and only $4000 was paid to him. However, Heilig did not devise a structured scheme of the type envisioned in Application Note 4 to Section 2X1.1. Once he promised to have the sentence commuted and accepted $4000, he had done all the acts necessary on his part to commit the fraud. Moreover, after receiving the $4000 from Agent Powers, Heilig apparently lowered his aspirations and informed Powers that no more payments would be needed. Therefore, the fraud was substantially complete at the time of his arrest. Heilig's second contention, that the offense was impossible to complete because Butler lacked the money or the willingness to pay, is without merit because the offense was in fact committed.
 
 
 6
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)